IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RAYMOND ANDREW BIVINS, ) | |
| AIS #151172, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:17-CV-194-WKW |
| ) | [WO] |
| ) | |
| CYNTHIA STEWART, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause of action is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed by Raymond Andrew Bivins ("Bivins"), a state inmate, in which he challenges criminal charges pending against him before the Circuit Court of Houston County, Alabama for possession of burglar's tools, first-degree criminal mischief and third-degree burglary. Specifically, Bivins alleges that he has been denied a speedy trial in these cases and seeks dismissal of the charges.

On May 22, 2017, the respondents filed an answer in which they argue that Bivins has failed to exhaust his state remedies with respect to his speedy-trial claim. Doc. 8. In support of this argument, the respondents maintain that Bivins must first file a petition for writ of mandamus with the trial court and—if unsuccessful—proceed on a petition for relief in the Alabama Court of Criminal Appeals. Doc. 8 at 12.

In light of the argument and evidence presented by the respondents, the court entered an order affording Bivins an opportunity to demonstrate why this petition should not be denied due to his failure to exhaust available state remedies. Doc. 9. Bivins has failed to file a response to this order within the time provided by the court.

## II. DISCUSSION

"Although the statutory language of § 2241 itself does not contain a requirement that a petitioner exhaust state remedies, . . . the requirements of § 2254—including exhaustion of state remedies—apply to" the § 2241 petition filed by Bivins. *Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004). "'[T]he writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes,' § 2241 and § 2254, with the second of those statutes serving to limit the authority granted in the first one. For that reason, even though [Bivins] brought his petition seeking habeas relief under § 2241, he is nevertheless subject to § 2254's exhaustion requirement . . . ." *Dill*, 371 F.3d at 1302–03 (quoting *Medberry v. Crosby*, 351 F.3d 1049, 1059–62 (11th Cir. 2003)). This court may not grant relief on a petition for writ of habeas corpus "unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In order properly to exhaust his state remedies, a petitioner must fairly present his alleged constitutional violations to the trial court, the

appropriate appellate court, and the state's highest court for review. *O'Sullivan v. Boerckel*, 526 U.S. 828, 845 (1999).

The undisputed evidentiary materials filed in this case, including the state-court record, establish that Bivins has not yet exhausted his available state-court remedies with respect to the claim presented in the instant petition for habeas corpus relief. In order to circumvent the exhaustion requirement attendant to a federal habeas action, a petitioner must demonstrate that there is an "absence of available state corrective process" or "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii); *see Duckworth v. Serrano,* 454 U.S. 1, 3 (1981). Bivins has failed to establish that state-court remedies are unavailable or ineffective. The court will not rule on the merits of Bivins' claims without first requiring that he exhaust his available state remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

Furthermore, as another court sitting within this District recently observed,

> under principles of comity and federalism, a federal court should abstain from intervening in a state criminal prosecution until all state criminal proceedings are completed and a petitioner exhausts [all] available state remedies, unless the petitioner demonstrates (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *Younger v. Harris,* 401 U.S. 37, 44–46 & 53–54 (1971); *see Braden* [*v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973)]; *Hughes v. Att'y Gen. of Fla.,* 377 F.3d 1258, 1263 (11th Cir. 2004). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox,* 457 F.2d 764, 764–65 (9th Cir. 1972). Absent such exceptional circumstances, a [petitioner] may not adjudicate the merits of his constitutional claims before a judgment of conviction has

> been entered by a state court. *Braden,* 410 U.S. at 489. "Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493. Federal habeas relief should not be used as a "pretrial motion forum for state prisoners." *Id*.
>
> [The petitioner] has not alleged facts showing that his prosecution is motivated by bad faith, nor has he alleged facts entitling him to review under the "irreparable injury" exception. *See Younger,* 401 U.S. at 53–54 (citing *Watson v. Buck,* 313 U.S. 387, 402 (1941) (finding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief); *Carden v. Montana,* 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."). Finally, [as discussed above, the petitioner] fails to show that he has no available state corrective process, and he presents no argument that would warrant federal court interference in the normal functioning of the state's criminal processes. Alabama's state courts have adequate and effective state procedures for review of [the petitioner's] constitutional claims either before trial or, in the event [the petitioner] is convicted, through appellate and post-conviction proceedings. For the reasons noted above, this court concludes that [the petitioner] has not shown that he should be excused from the exhaustion requirement. He has not shown an absence of available state corrective process or that exceptional circumstances exist that render such process ineffective and that would warrant federal intrusion at this juncture. Accordingly, pretrial habeas interference by this court is not authorized in this case. *See Braden,* 410 U.S. at 493. After exhausting available state remedies, [the petitioner] may pursue federal habeas proceedings.

*Robinson v. Hughes*, 2012 WL 255759, at *2-3 (M.D. Ala. Jan. 5, 2012), *adopted at* 2012 WL 253975 (Jan. 27, 2012).

In light of the foregoing, the court concludes that Bivins must exhaust his available state remedies prior to seeking habeas relief in this court.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief be DENIED.

2. The petition be DISMISSED without prejudice to allow the petitioner an opportunity to exhaust available state court remedies.

It is further ORDERED that on or before **July 5, 2017** the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 19th day of June, 2017.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE